RMT:ICR/JEA
F. #2020R00514

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 11 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SAMANTHA SHADER,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 20 202**

(T. 18, U.S.C., §§ 231(a)(3), 844(c)(1),
844(f)(1), 844(h)(1), 844(i), 844(n),
924(c)(1)(B)(ii), 924(d)(1), 982(a)(2),
982(b)(1), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 26, U.S.C.,
§§ 5861(d), 5861(f) and 5872(a);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

**IRIZARRY, J.**

COUNT ONE
(Use of Explosives)

**BLOOM, M.J.**

1. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a vehicle and other personal and real property, to wit: a New York City Police Department vehicle, in whole and in part owned and possessed by and leased to, an institution and organization receiving Federal financial assistance, to wit: the New York City Police Department and New York City government.

(Title 18, United States Code, Sections 844(f)(1), 2 and 3551 et seq.)

## COUNT TWO
(Arson)

2. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a vehicle and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit: a New York City Police Department vehicle.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNT THREE
(Using an Explosive to Commit a Felony)

3. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly and intentionally use an explosive, to wit: an incendiary device, to commit one or more felonies, to wit: the crimes charged in Counts One and Two, which felonies may be prosecuted in a court of the United States.

(Title 18, United States Code, Sections 844(h)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Arson Conspiracy)

4. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly and intentionally conspire to maliciously damage and destroy, by means of fire and an explosive, a vehicle and other real and personal property used in interstate and foreign commerce and in an activity

affecting interstate and foreign commerce, to wit: a New York City Police Department vehicle, contrary to Title 18, United States Code, Section 844(i).

(Title 18, United States Code, Sections 844(n) and 3551 et seq.)

## COUNT FIVE
(Use of a Destructive Device)

5. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly and intentionally use and carry a firearm, to wit: an incendiary device, during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess such destructive device in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(B)(ii), 2 and 3551 et seq.)

## COUNT SIX
(Civil Disorder)

6. On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, committed and attempted to commit acts to obstruct, impede and interfere with any law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(Title 18, United States Code, Sections 231(a)(3), 2 and 3551 et seq.)

## COUNT SEVEN
(Possessing and Making a Destructive Device)

7.   On or about May 29, 2020, within the Eastern District of New York, the defendant SAMANTHA SHADER, together with others, did knowingly receive, possess and make a firearm, to wit: an incendiary device, which is a destructive device, as defined pursuant to 26 U.S.C. § 5845(a)(8), (f)(1) and (f)(3), and which was not registered to her in the National Firearms Registration and Transfer Record.

(Title 26, United States Code, Sections 5861(d) and 5861(f); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, TWO, THREE AND FOUR

8.   The United States hereby gives notice to the defendant that, upon her conviction of any of the offenses charged in Counts One, Two, Three and Four, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 844(c)(1), which requires any person convicted of such offenses to forfeit any explosive materials involved or used or intended to be used in any violation of Title 18, United States Code, Section 844; and (b) Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

9.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c)(1), 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIVE

  10. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

  11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN

12. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any firearm involved in any violation of Title 26, United States Code, Section 5861(d); and (b) any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 26, United States Code, Section 5872(a); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK