# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

August 11, 2021

By ECF and Electronic Mail
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Samantha Shader, 20-CR-202 (DLI)

Dear Judge Irizarry:

Pursuant to the Court's July 8, 2021 scheduling order, the parties are providing a status report to the Court in advance of the status conference scheduled for August 18, 2021 at 11:00 a.m.

Ms. Shader is charged in a seven-count indictment with use of explosives, in violation of 18 U.S.C. § 844(f)(1), arson, in violation of 18 U.S.C. § 844(i), using an explosive to commit a felony, in violation of 18 U.S.C. § 844(h)(1), arson conspiracy, in violation of 18 U.S.C. § 844(n), use of a destructive device, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), civil disorder, in violation of 18 U.S.C. § 231(a)(3) and possessing and making a destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5861(f).

On July 17, 2020, the Court held a status conference and Ms. Shader was arraigned on the pending indictment. That same day, the Court issued a written order granting in part and denying in part the defense motion to inspect grand jury records. On July 23, 2020 and July 28, 2020, the Clerk of the Court provided the grand jury records to the defense and the government. On July 24, 2020, the government provided Ms. Shader with its second Rule 16 discovery production. On August 27, 2020, the government provided Ms. Shader with its third Rule 16 discovery production. On October 28, 2020, the government provided Ms. Shader with its fourth Rule 16 discovery production, which included numerous additional NYPD video files taken from multiple locations. On January 5, 2021, the government provided counsel for Ms. Shader with its fifth Rule 16 production, which included substantial additional materials including surveillance video files, law enforcement records, and forensic reports.

On May 12, 2021, the defense provided the government with a more than 50 page submission containing information in support of a disposition short of trial. Since that time, the parties remain in active discussions. In the last report provided to the Court on July 7, 2021, the

parties represented that the defense had asked the government for the opportunity to provide additional mitigation information based on forthcoming expert evaluations, in order to further the continuing plea discussions. Defense counsel anticipated that it could provide the government with those additional mitigation materials within a few weeks.

Although a preliminary report was provided to the government earlier today, due to unforeseen circumstances relating to the Metropolitan Detention Center's ("MDC") new clearance process the defense experts need a few more weeks to finalize the report. After submitting one of the defense expert's clearance application electronically in accordance with MDC's protocol, on July 14 the defense was informed by MDC that under their new policy they can no longer accept scanned applications and that the original application must be mailed. The defense immediately sent the original hard copy application via FedEx and followed up with the MDC Legal department frequently over the next few weeks. The expert was finally cleared on August 6 and has a visit scheduled for tomorrow, August 12.

The defense now anticipates that it will be able to provide the government with the finalized expert reports by early September. The government will then need time to review the additional materials and discuss a resolution with defense counsel. For these reasons, the parties would therefore request a final adjournment of the status conference to a date in late September or early October. Defense counsel is on trial before the Honorable Sterling Johnson, Jr., from September 13 to approximately September 24, but both parties are available for a hearing on a date after September 27, if the court is amenable to the requested adjournment.

Finally, the parties request that the Court exclude time under the Speedy Trial Act. Specifically, the parties request that the Court find that the ends of justice are served by ordering the requested continuance as this continuance outweighs the best interests of the public and Ms. Shader's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). In particular, the need for Ms. Shader to continue to review the voluminous discovery provided to date and discuss that discovery with counsel, and so that the defense can engage in negotiations with the government.

Thank you for your consideration of this letter.

Respectfully Submitted,

/s/
Amanda David
Samuel Jacobson
Assistant Federal Defenders
(718) 407-7429

cc:   all counsel of record (via ECF)
      Clerk of the Court (via ECF)