

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

DMP:ICR/JEA
F. #2020R00514

*271 Cadman Plaza East
Brooklyn, New York 11201*

March 21, 2022

By ECF

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Samantha Shader
                Criminal Docket No. 20-202 (DLI)

Dear Judge Irizarry:

      The parties respectfully submit this joint status report pursuant to the Court's February 23, 2022 docket order, and to jointly request a two-week adjournment of the status conference currently scheduled for Monday, March 28, 2022 at 11:00 a.m., and of the briefing schedule set by the Court at the January 24, 2022 remote status conference in this case.

      The defendant Samantha Shader is charged in a seven-count indictment with use of explosives, in violation of 18 U.S.C. § 844(f)(1); arson, in violation of 18 U.S.C. § 844(i); using an explosive to commit a felony, in violation of 18 U.S.C. § 844(h)(1); arson conspiracy, in violation of 18 U.S.C. § 844(n); use of a destructive device, in violation of 18 U.S.C. § 924(c)(1)(B)(ii); civil disorder, in violation of 18 U.S.C. § 231(a)(3); and possessing and making a destructive device, in violation of 26 U.S.C. §§ 5861(d) and 5861(f). Pursuant to the schedule set by the Court at the remote status conference held on January 24, 2022, trial is tentatively scheduled to commence with jury selection on September 19, 2022, the defendant's pretrial motions are due April 4, 2022, with the government's response due April 18, 2022, the defendant's reply due April 25, 2022, and oral argument or a decision on the motion scheduled for May 19, 2022, at 11:00 a.m.

      As discussed in multiple prior joint status reports, the parties have been actively engaged in plea negotiations for much of the last year, during which time defense counsel have provided the government several mitigation submissions, beginning with a lengthy submission on May 12, 2021. (See Status Report, ECF No. 28.) After the government conveyed its initial plea offer to the defendant on December 13, 2021, defense counsel sought and were afforded the opportunity to meet with and present their arguments in support of their request for a different plea offer to the leadership of the U.S. Attorney's Office on January 20, 2022. Since that

meeting, the Office has given careful consideration to the defendant's lengthy and detailed submissions and the arguments of her counsel.

Earlier today the government conveyed a revised plea offer to the defendant and discussed that offer with defense counsel. The government's revised plea offer expires after April 4, 2022, two weeks from today, and defense counsel will require time to discuss the offer with their client, who remains incarcerated, before the defendant determines how she wishes to proceed. While the parties had hoped in this status report to provide the Court with a clear indication whether this case will be resolved through a plea or trial, the charges in this case are serious, and the government has been focused on giving thoughtful consideration of both the offense conduct and the defendant's arguments to arrive at a result that best serves the interests of justice.

Accordingly, and with our apologies for the additional delay, the parties jointly request that the Court issue an order continuing the status conference currently scheduled for March 28, 2022, to a date convenient to the Court the week of April 4, 2022. As April 4, 2022, is also the date on which the defendant's pretrial motions are currently due, the parties further request that the Court modify the briefing schedule to permit the defendant to file her pretrial motions by April 18, 2022, with the government to file its response on May 2, 2022, with the defendant's reply due May 16, 2022, and a decision or oral argument on June 1, 2022, or on a later date convenient to the Court.

Finally, the parties request that the Court exclude time under the Speedy Trial Act until the date of the next appearance scheduled by the Court. Specifically, the parties request that the Court find that the ends of justice are served by ordering the requested continuance outweigh the best interests of the public and the defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A), because the requested continuance would afford the defendant sufficient time to consider whether to accept a proposed disposition that would resolve this case without a trial.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/Ian C. Richardson
Ian C. Richardson
Jonathan E. Algor
Assistant U.S. Attorneys
(718) 254-7000

Cc: Clerk of the Court (DLI) (by ECF)
Samuel I. Jacobson, Esq. and Leticia Olivera, Esq. (by ECF)